J-S06041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JEROME MOUZON, | |
| Appellant | No. 107 EDA 2017 |

Appeal from the PCRA Order February 25, 2015
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0402031-1998,
CP-51-CR-0404131-1998, CP-51-CR-0409152-1998

BEFORE:  BOWES, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:　　　　　　　**FILED APRIL 13, 2018**

Jerome Mouzon ("Mouzon") appeals, *pro se*, from the Order dismissing his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.[1]  We affirm.

The PCRA court set forth the relevant procedural history as follows:

> On December 22, 1998, [] Mouzon … was convicted by a jury sitting before the Honorable Ricardo Jackson of eight counts

---

[1] Although Mouzon styled his Petition for a Writ of *Habeas Corpus*, the PCRA court properly treated it as a Petition filed pursuant to the PCRA.  **See** 42 Pa.C.S.A. § 9542 (providing that "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exists when this subchapter takes effect, including *habeas corpus*."); **see also** ***Commonwealth v. Turner***, 80 A.3d 754, 770 (Pa. 2013) (noting that the PCRA subsumes the remedy of *habeas corpus* where the PCRA provides a remedy for the claim).  In his Petition, Mouzon challenges the legality of his sentence.  Because the PCRA provides a remedy for Mouzon's claims, the PCRA court properly treated the Petition as filed under the PCRA.

of robbery, eight counts of possession of an instrument of crime, and seven counts of criminal conspiracy. On June 23, 1999, he was sentenced to an aggregate term of 72 1/2 to 145 years' imprisonment. [Mouzon] appealed, and on May 23, 2011, the Superior Court affirmed the judgment of sentence. [**See Commonwealth v. Mouzon**, 778 A.2d 1245 (Pa. Super. 2001) (unpublished memorandum).] The Pennsylvania Supreme Court granted review and reversed; it then remanded the case to the Superior Court to consider the merits of [Mouzon's] challenge to the discretionary aspects of his sentence. [**See Commonwealth v. Mouzon**, 812 A.2d 617 (Pa. 2002).] On July 1, 2003, the Superior Court once again affirmed the judgment of sentence. [**See Commonwealth v. Mouzon**, 828 A.2d 1126 (Pa. Super. 2003).]

On March 11, 2004, [Mouzon] filed his first *pro se* [PCRA] [P]etition. Emily Cherniak, Esquire[,] was appointed, and she filed an [A]mended [P]etition. On June 28, 2006, this [P]etition was dismissed. … [T]he Superior Court affirmed the dismissal on June 6, 2007[, and t]he Pennsylvania Supreme Court denied his [P]etition for allowance of appeal on November 14, 20[0]7. [**See Commonwealth v. Mouzon**, 931 A.2d 49 (Pa. Super. 2007) (unpublished memorandum), **appeal denied**, 936 A.2d 40 (Pa. 2007).]

[On December 12, 2013, Mouzon filed a Petition for Writ of *Habeas Corpus* at CP-51-CR-0404131-1998, arguing that the Department of Corrections lacked legal authority for his detention based upon the lack of a written sentencing order. No action was taken on this Petition.] On June 23, 2014, [Mouzon filed another Petition for Writ of *Habeas Corpus*, the instant Petition, at all of the case numbers, raising a wholly separate claim. The PCRA court treated this Petition as Mouzon's second PCRA Petition.] Pursuant to Pennsylvania Rule of Criminal Procedure 907, [Mouzon] was served with notice of the court's intention to dismiss his PCRA [P]etition on December 19, 2014, and his [P]etition was dismissed thereafter on February 25, 2015. [Mouzon] did not file an appeal. However, on January 29, 2016, [Mouzon] filed a PCRA [P]etition requesting reinstatement of his appellate rights to appeal from the court's February 25, 2015 Order. After review, the PCRA court issued an [O]rder on December 8, 2016 granting [Mouzon's] [P]etition and reinstated his appellate rights *nunc pro tunc*. [Mouzon] filed a timely appeal [of the February 25, 2015 Order] on December 28, 2016.

PCRA Court Opinion, 2/14/17, at 1-2 (footnotes omitted).

Mouzon raises the following questions for our review:

A. Whether [Mouzon's] sentence is a nullity as the mandatory sentencing statute[s] in Pennsylvania have been ruled facially unconstitutional?

B. Whether the [PCRA] court abused its discretion in dismissing [Mouzon's] Petition … since he is confined absent a Sentencing Order required by 42 Pa.C.S.A. § 9764(a)(8)?

Brief for Appellant at 3.

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of the record. We will not disturb a PCRA court's ruling if it is supported by evidence and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, a defendant must file any PCRA petition within one year of the date the judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking the review." *Id.* § 9545(b)(3).

Here, Mouzon's sentence became final in August 2003, after the time to seek review with our Supreme Court expired. *See* Pa.R.A.P. 1113(a). Thus, Mouzon's June 23, 2014 Petition is facially untimely under the PCRA.

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2).

Here, Mouzon invokes the newly-recognized constitutional right exception, and argues that the United States Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), renders his sentence illegal. Brief for Appellant at 7-11. However, *Alleyne* was decided on June 17, 2013. Mouzon filed the PCRA Petition on June 23, 2014, well over sixty days after the date the claim could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2); *see also Commonwealth v. Boyd*, 923 A.2d 513, 517 (Pa. Super. 2007) (stating that "[w]ith regard to [the newly-]recognized constitutional right, this Court has held that the sixty-day period begins to run upon the date of the underlying judicial decision.").[2]

Even if Mouzon had properly invoked the exception at section 9545(b)(1)(iii), the rule established in *Alleyne* does not apply retroactively.

---

[2] In his Petition, Mouzon also invokes *Commonwealth v. Munday*, 78 A.3d 661 (Pa. Super. 2013), as implicating the newly-recognized constitutional right exception. However, this decision was not decided by the Pennsylvania Supreme Court or the United States Supreme Court, and did not announce a new constitutional right that applies retroactively as required by section 9545(b)(1)(iii). Further, Mouzon did not file his Petition within sixty days of the *Munday* decision.

*See Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016) (holding that "*Alleyne* does not apply retroactively to cases pending on collateral review."); *see also Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) (stating that while *Alleyne* claims go to the legality of the sentence, a court cannot review a legality claim where it does not have jurisdiction).[3]  As a result, Mouzon failed to meet the third timeliness exception.

Mouzon also presents claims raised in his December 12, 2013 Petition for Writ of *Habeas Corpus*.  *See* Brief for Appellant at 14-17.  However, as noted above, no action was taken on this Petition, which was only filed at CP-51-CR-0404131-1998.  Mouzon filed the Petition at issue in this case at all of the case numbers on June 23, 2014, raising only an *Alleyne* challenge in the June 23, 2014 Petition, and not raising any claims regarding the absence of a sentencing order.  In the Rule 907 Notice and Mouzon's Response, the PCRA court and Mouzon only cited to his *Alleyne* challenge.  The PCRA court, by an Order entered on February 25, 2015, specifically denied Mouzon's June 23, 2014 Petition.  Furthermore, in his Petition seeking reinstatement of his direct

_____

[3] We acknowledge the decision in *Commonwealth v. DiMatteo*, 177 A.3d 182, 191-92 (Pa. 2018), which held that where petitioner's sentence was rendered illegal by *Alleyne* prior to his judgment of sentence becoming final, and he presented a legality challenge in a timely PCRA petition, he is entitled to have his sentence remedied.  In this case, Mouzon filed an untimely Petition and his judgment of sentence was final at the time *Alleyne* was decided.

appeal rights of the February 25, 2015 Order, Mouzon makes no mention of his December 12, 2013 Petition or the claims therein. Thus, Mouzon's current appeal does not challenge the claims raised in his December 12, 2013 Petition.[4]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/18

---

[4] We note that "a claim that a defendant's sentence is illegal due to the inability of the DOC to produce a written sentencing order related to his judgment of sentence constitutes a claim legitimately sounding in _habeas corpus_." **Joseph v. Glunt**, 96 A.3d 365, 368 (Pa. Super. 2014) (citation, brackets, and quotation marks omitted). The **Joseph** Court addressed the DOC's authority to incarcerate a prisoner under section 9764, and determined that there is no mandatory requirement that the DOC maintain or produce a written sentencing order upon a request of an incarcerated person. **See Joseph**, 96 A.3d at 371 (stating that "[n]one of the provisions of section 9764 indicate an affirmative obligation on the part of the DOC to maintain and produce the documents enumerated in subsection 9764(a) upon the request of the incarcerated person."). Further, section 9764 does not create any remedy or cause of action for a prisoner based on the failure to provide a sentencing order. **Id**. Here, the PCRA court noted that Judge Jackson entered a sentencing Order on June 23, 1999, the sentence was accurately docketed, and the Order was maintained by the clerk of court. **See** PCRA Court Opinion, 2/14/17, at 4.